UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CR-219 (JCH) |
| ) | |
| DARRILL GRAY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Darrill Gray's "Amended Motion to Withdraw Guilty Plea," filed July 23, 2007. (Doc. No. 61). After receiving the relevant briefing, the Court held an evidentiary hearing on August 17, 2007. (Doc. No. 67). As such, the matter is ready for a decision.

**BACKGROUND**

On March 23, 2007, the United States of America ("Government") indicted Defendant on the following counts: Count 1) conspiracy to commit offenses against the United States of America, in violation of 18 U.S.C. § 1591; Count 2) engaging in a commercial sex act with a minor, in violation of 18 U.S.C. §§ 1591-1592; and Count 4)[1] distributing a controlled substance, in violation of 21 U.S.C. § 841(a)-(b). (Indictment, Doc. No. 5). On April 26, 2007, Defendant pled guilty to Count 1. (Plea Agreement, Doc. No. 43 pg. 2). In exchange, the Government agreed to dismiss Counts 2 and 4 at the time of sentencing. (Id.).

On May 7, 2007, Defendant sent the Court a letter requesting the withdrawal of his guilty plea. (Letter/Pro Se Motion to Withdraw Guilty Plea, Doc. No. 46). On July 23, 2007, he filed an

---

[1]Count 3 of the Indictment related to a co-defendant.

- 1 -

amended motion to withdraw his guilty plea, which alleged the plea's withdrawal is warranted because he is actually innocent, his plea was not knowingly and voluntarily made, and he received ineffective assistance of counsel. (Doc. No. 61). On August 17, 2007, the Court held an evidentiary hearing to determine the circumstances surrounding Defendant's guilty plea.

The record shows that Defendant received a copy of his indictment before his arraignment on April 2, 2007. (Doc. No. 17-18). Steven Stenger ("Stenger"), Defendant's counsel,[2] stated that he went over the indictment with Defendant shortly after the arraignment. (August 17, 2007 Evid. Hr'g Tr. ("Evid. Tr.") pg. 69-71). Stenger testified that after this initial discussion, Defendant was unsure if he would go to trial or plead guilty. (Id.).

Defendant testified that he never knew he was being charged with Counts 1, 2, and 4. (Id. at pg. 4-5). Rather, he believed that the charges were "kidnaping, promoting prostitution, [and] prostitution." (Id. at pg. 5). Defendant also denied receiving a copy of his indictment because someone took it from him before he could read it. (Id. at pg. 35).

Stenger testified that he next spoke with Defendant at the Crawford County Jail on April 10, 2007. (Id. at pg. 71). At this meeting, they discussed Defendant's options and the possibility of cooperating with the Government. (Id.). Afterwards, Defendant sent Stenger a fax stating, "proceed forward for trial, fast and expiedient (sic) please." (August 17, 2007 Evid. Hr'g ("Evid. Hr'g"), Doc. No. 67 Ex. 6). In response, Stenger sent Defendant a letter recounting their conversation on April 10, 2007. (Id. at Ex. 7). Stenger wrote in this letter that, based on the discovery he had received, "choosing a trial in your case is a mistake. Nevertheless, I will certainly assist you in preparation of your case for trial." (Id.).

---

[2]After Defendant asked to withdraw his guilty plea, the Court appointed new counsel for him. (Doc. No. 52).

Defendant testified that prior to his plea hearing, he only met Stenger three times. (Evid. Tr. pg. 16). He testified that at the April 10, 2007 meeting, he got the impression that Stenger "wouldn't want to go through ... a trial for me" and "keeps pressing that I'm guilty." (Id. pg. 16). Furthermore, Defendant testified that Stenger had "a nasty attitude" when Defendant talked about anything besides pleading guilty. (Id.).

On April 16-18, 2007, Stenger received four faxes from Defendant. The first fax, dated April 16, 2007, stated, "[m]ove forward with a pre-trial resolution ASAP meaning: plea agreement." (Evid. Hr'g Ex. 8). The next, dated April 17, 2007, stated that he "was willing to cooperate with prosecutor for plea agreement." (Id. at Ex. 9). The next, set only a few minutes later, asked, "[w]hat do the prosecutor help consist of? I want to cooperate. No trial." (Id. at Ex. 10)(emphasis in original). Finally, the last fax, sent on April 18, 2007, instructed Stenger to "let me know as soon as possible what's the lowest plea bargain I can get." (Id. at Ex. 11). Defendant testified he "was trying to express my desire to plead innocent," but that the only way he could get Stenger to "communicate" with him was to send faxes saying he wanted to plead guilty. (Evid. Tr. pg. 17-18).

Stenger testified that he, Defendant, and the Government met for a proffer on April 23, 2007. (Id. at pg. 78). Stenger stated that prior to this meeting, he met with Defendant for forty-five minutes to go over the proffer and what would likely be in the written plea agreement. (Id. at pg. 78-81). Stenger also told Defendant that he did not have to go through with the proffer. (Id. at pg. 80-81; Evid. Hr'g Ex. 5).

The Government produced a proffer letter dated April 18, 2007 that is signed by Defendant. (Evid. Hr'g Ex. 4). Defendant, however, denies ever reading it. (Evid. Tr. pg. 39). He also denied that the Government told him that he could go to trial or plead guilty. (Id. at pg. 42). Defendant

testified that everything he told the Government at the proffer meeting was true, but later denied that the facts contained in the Government's summary of it were accurate. (Id. at pg. 42-44).

Stenger testified that he met with Defendant on April 26, 2007 for about an hour and a half, prior to his plea hearing, to go over the plea agreement. (Id. at pg. 82-83). Stenger stated that he read the plea agreement to Defendant, explained what the paragraphs meant, and answered his questions about it. (Id. at pg. 82). At the plea hearing, Defendant testified that he had discussed the charges with Stenger and was happy with Stenger's representation of him. (Plea Hr'g Tr., Doc. No. 65 pg. 9-10). He testified that he agreed with everything in the plea agreement, that no one coerced him to pled guilty, and that he was making this guilty plea of his own free will. (Id. at pg. 10-11). He testified that he understood he has the right to plead not guilty, to have a trial, and to be represented by counsel at the trial. (Id. at pg. 14-15). Finally, he agreed that the stipulation of facts was accurate. (Id. at pg. 17-18).

At the evidentiary hearing, Defendant testified that at the plea hearing Stenger told him that he had to go through with his plea. (Evid. Tr. pg. 8). Furthermore, he stated that he never saw the plea agreement, or went over it with Stenger, until the date of the plea hearing. (Id. at pg. 12-13). He stated that Stenger told him to just sign the plea agreement and "wouldn't even let me read it." (Id.). He testified that when he heard the stipulations of facts read at his plea hearing, he felt "deceived" because he did not know the plea agreement contained these facts. (Id. at pg. 18).

Defendant further testified that he did not stop the plea hearing because he believed the Court's questions were "formalities ... just ... things I had to say ... like Mr. Stenger tell me certain things to say." (Id. at pg. 25). He also testified that he "didn't want to ... go against the grain ... it seemed like everybody was against me and so ... I was just going ... to let it flow." (Id. at pg. 25). Defendant also justified his failure to stop the plea hearing by explaining that he "thought [Stenger]

was ... supposed to object to all of this." (Id. at pg. 53). Although he believed the plea was a formality, he understood that the August 17, 2007 evidentiary hearing was not. (Id. at pg. 28). Moreover, he asserted that he lied under oath during his plea hearing. (Id. at pg. 47).

Following the April 26, 2007 plea hearing, Defendant sent numerous faxes to Stenger expressing his desire to withdraw his plea. The first fax, dated April 30, 2007, stated, "the longer I'm here, the more I feel I'm being forced into this plea agreement. I still feel with all my heart I haven't done anything criminally wrong. Sir, I really want to withdraw my plea. I just needed a bond for proper representation." (Am. Mot. to Withdraw Guilty Plea, Doc. No. 61 Ex. 1). The next fax, dated May 1, 2007, stated, "I would like to withdraw my plea of guilty and ask you to step down as my lawyer." (Id. at Ex. 2). The next day, Defendant sent another fax asking "did you inform the Honorable Mrs. Hamilton, I would like to withdraw my guilty plea and decline you as my attorney and retain my own attorney ASAP." (Id. at Ex. 3). Two days later, Defendant sent his final fax asking Stenger to "quit playing with my life and let it be known to the Honorable Judge Hamilton I have asked you to dismiss yourself from my case and I would like to withdraw my plea of guilty." (Id. at Ex. 4).

## **DISCUSSION**

A defendant may withdraw a guilty plea before sentencing if the defendant shows that "a fair and just reason" for withdrawing it exists. Fed. R. Crim. P. 11(d)(2)(b). In addition to any fair and just reason, the Court considers whether the defendant "has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Smith, 422 F.3d 715, 723 (8th Cir. 2005). The "fair and just standard is a liberal one," but it does not create "an automatic right" to withdraw a guilty plea. United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996); see United States v. Moore,

481 F.3d 1113, 1114 (8th Cir. 2005)(stating a guilty plea is not to "be set aside lightly."). Moreover, the defendant bears the burden of "proving why one of the recognized justifications should permit a withdrawal of what he has solemnly made under oath." United States v. Morales, 120 F.3d 744, 747-48 (8th Cir. 1997). Finally, if the defendant fails to meet his burden of proving that a "fair and just" reason exists, the Court need not address the remaining factors. Smith, 422 F.3d at 724.

Defendant contends that three reasons justify withdrawing his guilty plea. First, he alleges that he received ineffective assistance of counsel. In order succeed on this claim, he must demonstrate that Stenger's performance was deficient and he was prejudiced by it. United States v. Jones, 479 F.3d 975, 978 (8th Cir. 2007). In order to fulfill the prejudice prong, he must show that there is a reasonable probability that but for Stenger's errors, he would not have pled guilty and would have instead gone to trial. United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996).

Upon consideration, Defendant has not shown that Stenger's assistance provides a "fair and just reason" for withdrawing his guilty plea because Stenger's performance was not deficient. Stenger recommended that Defendant plead guilty due to the evidence against him, but told him that he would assist him if he chose to go to trial. (Evid. Hr'g Ex. 7).Stenger negotiated a plea agreement only after Defendant sent him four faxes requesting that he do so. (Id. at Ex. 8-11). Before the proffer, Stenger told Defendant he did not have to go through with it. (Evid. Tr. pg. 80-81). Prior to the plea hearing, Stenger spend approximately ninety minutes reviewing the plea agreement with him. (Id. at pg. 82-83). Finally, Defendant testified at his plea hearing that he was happy with Stenger's representation. (Plea Hr'g Tr. pg. 9-10).

Defendant also asserts that a "fair and just reason" exists because his plea was not knowingly and voluntarily made. Upon consideration, Defendant has not shown that his plea was involuntarily made. At his arraignment, he learned of the charges against him. (Doc. No. 17-18). He had at least

- 6 -

three lengthy conversations with Stenger. (Evid. Tr. pg. 69-71, 78-83). He requested that Stenger negotiate a plea agreement for him. (Evid. Hr'g Ex. 8-11). Furthermore, he had numerous opportunities at the plea hearing to inform the Court that he wanted to go to trial. (Plea Hr'g Tr. pg. 9-17). Based on this evidence, Defendant's claim that his plea was involuntarily made is not a "fair and just reason" for withdrawing his plea.

Finally, Defendant contends that his assertion of actual innocence provides him with a "fair and just" reason. Upon consideration, the Court disagrees. The Eighth Circuit instructs that a conclusory assertion of innocence, even if reflects a "swift change of heart after the plea," does not constitute a "fair and just reason" to grant withdrawal. See United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992). Here, Defendant's assertions of innocence are conclusory. He has not provided the Court with any specific facts to show his innocence. Rather, the facts in the record indicate otherwise. (Plea. Hr'g Tr. pg. 16-17; Evid. Hr'g Ex. 5). As such, Defendant has failed to provide the Court with a fair and just reason for withdrawing the guilty plea.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion to Withdraw Guilty Plea (Doc. No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Sentencing is set for **Friday, September 14, 2007** at **9:00 a.m**.

Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE